OPINION JUDGMENT ENTRY
{¶ 1} Appellant Amanda Keen appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted Appellee Stark County Department of Job and Family Services' ("SCDJFS") motion for permanent custody. The following facts give rise to this appeal.
 {¶ 2} On May 20, 2002, SCDJFS filed a dependency/neglect complaint on behalf of appellant's minor child, Heaven Adams. Based upon the complaint, the trial court gave SCDJFS emergency, temporary custody of the minor child and scheduled a hearing for June 17, 2002. On this date, the magistrate found the minor child to be neglected and ordered her to remain in the temporary custody of SCDJFS. On November 14, 2002, the trial court approved the magistrate's report and ordered continuation of the case plan. At two subsequent hearings, the trial court continued temporary custody with SCDJFS.
 {¶ 3} Thereafter, on October 9, 2003, SCDJFS filed a motion to modify to permanent custody. The trial court conducted a hearing, on SCDJFS's motion, on November 13, 2003. On December 4, 2003, the trial court granted permanent custody of the minor child to SCDJFS.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The judgment of the trial court that the minor child cannot or should not be placed with appellant is against the manifest weight of the evidence.
 {¶ 6} "II. The judgment of the trial court that the best interests of the minor child would be served by granting permanent custody to scdjfs is against the manifest weight of the evidence."
 I, II {¶ 7} We will address appellant's two assignments of error simultaneously as both concern interrelated issues. In her First Assignment of Error, appellant maintains the trial court's determination that the minor child cannot or should not be placed with her is against the manifest weight of the evidence. Appellant contends, in her Second Assignment of Error, that the judgment of the trial court that the best interests of the minor child would be served by granting permanent custody to SCDJFS is against the manifest weight of the evidence. We disagree with both assignments of error.
 {¶ 8} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. The statute provides as follows:
 {¶ 9} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 11} "(b) The child is abandoned.
 {¶ 12} "(c) The child is orphaned, and there is no relatives of the child who are able to take permanent custody.
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 14} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C.2151.414(D). These factors are as follows:
 {¶ 15} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 16} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 17} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 18} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 19} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 20} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA 5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus. It is based upon this standard that we review appellant's assignments of error.
 {¶ 21} In the case sub judice, under R.C. 2151.414(B)(1), the trial court found the minor child had been in the temporary custody of SCDJFS for twelve of the past consecutive twenty-two months. Findings of Fact and Conclusions of Law, Dec. 4, 2003, at 3. The trial court also found the minor child cannot and should not be placed with appellant in a reasonable time. Id. Either of these findings, if supported by the evidence, are sufficient to base a grant of permanent custody pursuant to R.C.2151.414(B)(1).
 {¶ 22} On appeal, appellant only challenges the trial court's determination that the minor child cannot or should not be placed with her in a reasonable time. We find it unnecessary to address appellant's argument concerning whether the child can be placed with her within a reasonable time because the record supports the trial court's other conclusion that the minor child has been in the temporary custody of the agency for more than twelve out of the last twenty-two months pursuant to R.C. 2151.414(B)(1)(d).
 {¶ 23} The trial court specifically found the minor child was removed from appellant's custody on June 17, 2002. Id. at 3. The minor child has remained in the continuous custody of SCDJFS since that date. The minor child's caseworker, Ms. Armstead, testified the minor child has been in SCDJFS's custody for approximately eighteen months. Tr. at 56. Thus, having made this finding, which is supported by the record, it was not necessary for the trial court to also make a finding that the minor child could not be returned within a reasonable time. See In reWhipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101, at ¶ 26.
 {¶ 24} Appellant next challenges the trial court's findings regarding best interest. The trial court determined permanent custody was in the best interest of the minor child. Findings of Fact and Conclusions of Law, Dec. 4, 2003, at 4. The trial court based its decision upon the testimony of the caseworker and the report of the guardian ad litem. Ms. Armstead testified the minor child was a two-year-old Caucasian child with no current developmental, behavioral or medical problems. Tr. at 54-55. The minor child resides in the same foster home with a sibling and her foster family is willing to adopt her. Id. at 55-56. Ms. Armstead also noted the minor child is more bonded with her foster mother than appellant. Id. at 56. Further, the guardian ad litem's report recommends that permanent custody be granted to SCDJFS. Findings of Fact and Conclusions of Law, Dec. 4, 2003, at 4.
 {¶ 25} Based upon the above, we conclude the trial court's decisions that the minor child cannot or should not be placed with appellant and that the best interests of the minor child would be served by granting permanent custody to SCDJFS are not against the manifest weight of the evidence.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Judgment affirmed.
Gwin, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.